84 P.3d 599

STATE of Idaho, Plaintiff–Respondent,

v.

Mitchell Larry BROADHEAD, Defendant–Appellant.

No. 28886.

Court of Appeals of Idaho.

Jan. 28, 2004.

Molly J. Huskey, State Appellate Public Defender; Charles Isaac Wadams, Deputy Appellate Public Defender, Boise, for appellant. Charles Isaac Wadams argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

GUTIERREZ, Judge.

Mitchell Larry Broadhead appeals from his judgment of conviction and sentences on three counts of aggravated assault. Broadhead argues that the district court erred by allowing an alternate juror to be present during deliberations and by failing to instruct the jury on the requisite *mens rea*. Additionally, Broadhead argues that his sentences are illegal and excessive. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Broadhead was driving his vehicle in a field near a school, trying to catch his dog. The dog ran to some boys, who detained the dog. Broadhead engaged in a hostile conversation with the boys, threatening to break their legs. He then began maneuvering his vehicle at a high rate of speed directly at the boys. Before hitting any of the boys, however, Broadhead's vehicle became high-centered on a rock.

Local law enforcement was contacted. When the police arrived, Broadhead was sitting in his vehicle, still stuck on the rock. Broadhead was cited for misdemeanor driving under the influence, driving without privileges, and possession of an open container of alcohol within a motor vehicle. Pursuant to a plea bargain, Broadhead pled guilty to the misdemeanor DUI and open container charges, and the driving without privileges charge was dismissed.

By information, Broadhead was also charged with three counts of aggravated assault, in violation of Idaho Code §§ 18–901 and –905. It was alleged that Broadhead drove his vehicle in a manner that attempted to commit a violent injury upon each of the three boys. A trial was held on the aggravated assault charges. After presentation of evidence, the district court instructed the jury and sent them to deliberate. The court inadvertently failed to excuse the alternate juror, who proceeded to enter the jury room with the other jurors. Shortly thereafter, the district court was made aware of the situation and the alternate juror was called back to the courtroom and excused. The district court did not instruct the jury to begin its deliberations anew. The jury returned a verdict finding Broadhead guilty on all three counts and the district court sentenced him to consecutive sentences of five years determinate on each count. Broadhead appeals.

## II.

### ANALYSIS

Broadhead presents several issues on appeal: (1) that the district court erred by failing to instruct the jury on the *mens rea* necessary for a conviction for the crime of aggravated assault; (2) that any finding of the requisite *mens rea* was not supported by the evidence; (3) that the district court erred in allowing the alternate juror to be present during part of jury deliberations; (4) that the district court erred in not properly instructing the jury once the alternate was removed; and (5) that the sentences imposed are illegal and excessive.

### A. *Mens Rea* for Aggravated Assault

 We first consider Broadhead's argument that the district court erred by failing to instruct the jury on the intent element required for a conviction for aggravated assault. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole,

and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). A jury instruction that lightens the prosecution's burden of proof by omitting an element of the crime is impermissible. *State v. Crowe,* 135 Idaho 43, 47, 13 P.3d 1256, 1260 (Ct.App.2000). The mental state that is required for the commission of a particular offense is determined by the language of the statute defining that offense. *Id.* at 45, 13 P.3d at 1258. Ordinarily the language employed by the legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated on its use in jury instructions. *State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996) (citations omitted). Terms which are of common usage and are sufficiently generally understood need not be further defined when instructing the jury. *Id.*

Broadhead was charged with assault under Idaho Code § 18–901(a), the "attempted battery" version of assault. This statute defines assault as "an unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another."

Jury Instruction 16, the elements instruction for assault used in this case, states:

In order for the defendant to be guilty of Assault, the state must prove each of the following:

1. On or about January 11, 2002,

2. in the state of Idaho,

3. the defendant MITCHELL LARRY BROADHEAD unlawfully attempted,

4. with apparent ability,

5. to commit a violent injury to [J.M.], [J.M.], and/or [M.G.].

Broadhead argues that this instruction does not incorporate a *mens rea* element, thereby reducing the state's burden of proving beyond a reasonable doubt all the elements of the crime. The state argues that the word "attempted" must be given its common meaning, and this incorporates the necessary *mens rea.*

■ To "attempt" means "to make an effort to do, accomplish, solve or effect." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 140 (1993). This definition is consistent with the common usage of the term "attempt" as used and generally understood by the public. Therefore, giving the term "attempt"·its usual meaning, the jury was instructed that Broadhead made an effort to do, accomplish or effect a violent injury upon the three boys. We.can discern no possibility of this being interpreted as anything other than an intentional act upon the part of Broadhead. Therefore, the jury was properly instructed to find an element of intentional action, and the jury instruction is not erroneous.

■ Broadhead further argues there was insufficient evidence to support a reasonable inference of intent. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered. upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

Broadhead bases his argument on testimony from the victims which indicates they did not run until after the vehicle became stuck on the rock. He asserts that the victims therefore did not see the vehicle as a threat to commit a violent injury.[1] However, this argument is misguided because intent is

---

1. The victims in fact testified that they *were scared,* but that things happened so fast, they weren't able to run.

based on the defendant's conduct and not on conduct attributed to the victims. *See State v. Norton,* 134 Idaho 875, 880–81, 11 P.3d 494, 499–500 (Ct.App.2000). The evidence indicates Broadhead first threatened the victims with physical harm and then drove his vehicle directly at them, failing to hit them because he high-centered on a rock. From this evidence, the jury could have reasonably inferred Broadhead intentionally drove his vehicle in a manner calculated to cause a violent injury to the boys. Unless it can be said that the facts proven afford no reasonable ground for the inferences drawn by the jury from the outward acts and conduct of the accused, as well as from the surrounding circumstances, we would not be justified in disturbing the verdict on the ground of insufficiency of the evidence. In this case, the evidence is consistent with the jury's verdict. Therefore, we hold that there was substantial competent evidence upon which the jury could rely in determining that Broadhead possessed the intent to cause a violent injury upon the boys.

## B. The Thirteenth Juror

 Broadhead asserts for the first time on appeal that the district court erred in allowing the alternate juror to be present during deliberations and by failing to properly instruct the jury after the alternate was removed. This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App.1997). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Id.* Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb,* 125 Idaho 934, 940, 877 P.2d 905, 911 (1994). We assume for the purpose of this opinion that allowing the thirteenth juror to be present during the early stage of deliberations constitutes fundamental error, and will therefore address the issue.

In *State v. McLeskey,* 138 Idaho 691, 696, 69 P.3d 111, 116 (2003), the Idaho Supreme Court stated that error in jury conduct pursuant to directives from the district court should be reviewed under the jury misconduct standard, and the proper inquiry is whether prejudice reasonably could have occurred. In *McLeskey,* the jury was instructed that it could discuss the evidence prior to submission of the case for deliberations, and that the alternates must be included in such discussions. The Court found a possibility of prejudice in that, by being allowed to discuss the evidence prior to the case being submitted for deliberations, the jury might reach conclusions prior to hearing all evidence, prior to being. finally instructed, and prior to closing arguments. *Id.* at 694, 69 P.3d at 114. The jury might even form tentative opinions, thereby requiring the defense to disprove their opinion, and improperly shifting the burden of proof to the defense. *Id.* Additionally, requiring the alternates to be present for these preliminary deliberations implicated the need to guard jury deliberations from input by persons other than the jurors to whom the case is submitted to reach a verdict. *Id.* We distinguish *McLeskey* on the basis that the jury in that case was told that it could deliberate *before* the case was actually submitted for deliberations. For the reasons stated by the Idaho Supreme Court, the situation in *McLeskey* was a much more egregious problem, a problem which is not present in the case before this Court.

In *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), two alternate jurors were permitted to be present during jury deliberations, but were expressly instructed not to participate in the deliberations. The United States Supreme Court assumed without deciding that this constituted error, and that the error was "plain" under federal law analysis. The Court then proceeded to analyze the prejudice prong of plain error analysis, and found that: (1) prejudice should not be presumed from this fact pattern; and (2) Olano had failed to make the required showing of prejudice based on the simple presence of the alternates. *Id.* at 737, 113 S.Ct. 1770.

*United States v. Myers,* 280 F.3d 407 (4th Cir.2002), involved an alternate juror being overlooked, and sent to deliberate with the jury. The trial court in *Myers* discovered the error during deliberations, and offered Myers two options: (1) allow deliberations to continue and require a unanimous verdict from all thirteen jurors; or (2) discharge the alternate in the middle of deliberations. Counsel for Myers chose the former, and Myers was subsequently found guilty by the jury. The appellate court followed the *Olano* analysis, assuming the existence of plain error, and concluding that Myers had failed to make a showing of prejudice.

In the instant case, Broadhead argues prejudice, focusing on the time the alternate juror spent in the jury room. The trial transcript reflects that after calling the alternate juror into the courtroom, the district court judge asked the juror if he had been in the jury room "for about the last five minutes." The juror replied, "Yeah, something like that." Broadhead directs us to the court minutes which reflect that the jury was sent to deliberations at 2:10 p.m., and the alternate juror appeared before the court at 2:40 p.m. Broadhead asserts this shows that the alternate was with the jury for close to thirty minutes, not the approximately five minutes as established by the testimony. We reject this conclusion. While it is not entirely clear how long the juror was in the jury room, the colloquy between the judge and the juror reflects that both persons believed that the juror had been in the jury room for about five minutes. Broadhead's argument ignores the time that would have been required to reassemble the judge and relevant court personnel, counsel for the state and defendant, and the defendant himself, for the purpose of addressing the problem once the court became aware that the alternate had retired with the jury. Therefore, any possibility of prejudice would need to arise from the alternate juror being present in deliberations for a short period of time. We do not perceive that prejudice could reasonably arise from this set of facts, where the alternate juror was involved with the jury only for the initial

five minutes following the case being submitted to the jury.

■ Broadhead further argues that the district court erred by failing to instruct the jury to begin its deliberations anew after removing the thirteenth juror. No specific law or court rule addresses this situation. Idaho Criminal Rule 24(d)(2) provides that, if a juror is removed and an alternate takes his place, the court must instruct the jury to begin its deliberations anew. The circumstance addressed by this rule did not occur here. However, assuming the district court committed error by failing to instruct the jury to begin its deliberations anew, we find the error to be harmless. This court has previously addressed the length of deliberations in conjunction with the impact of the removed juror. In *State v. Gomez,* 138 Idaho 31, 56 P.3d 1281 (Ct.App.2002), a jury had been deliberating for approximately three hours before a juror was removed. Less than ten minutes after substitution of an alternate, the jury returned guilty verdicts on all charges. This Court reversed Gomez's convictions. In contrast, here, the alternate juror was removed after about five minutes of deliberations and the jury returned its verdict after deliberating for approximately another fifty minutes. We conclude the length of deliberations anew assures that the ultimate verdict was borne from proper jury deliberations.

## C. Sentences

■ Broadhead argues that his sentences are excessive and illegal.[2] Broadhead was convicted of three counts of aggravated assault, and the district court sentenced him to consecutive sentences of five years on each count, resulting in a total sentence of fifteen years determinate. This is the maximum sentenced allowed by Idaho law. I.C. §§ 18–308, –906. Additionally, the district court imposed a fine of $2,000 on each count. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett,* 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); *State v. Sanchez,* 115 Idaho

---

2. Broadhead's reply brief raises discrepancies concerning the sentences *for the misdemeanors,* which are not part of this case, and no appeal was taken from the misdemeanor judgments.

776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

The record shows that Broadhead served ten years in Arizona for attempted child molestation, and was released in December 2000. In May 2001, Broadhead was charged with DUI and reckless driving in Oregon. Broadhead was arrested in September 2001, possibly at his sentencing hearing on the Oregon DUI, for appearing in an Oregon court under the influence of alcohol, having blown .10 on an Intoxilyzer 5000. In November, 2001, Broadhead received a DUI in Lincoln County, Idaho. Broadhead had a breath alcohol content (BAC) of .29 in this incident. In January 2002, the events of the instant case took place. Broadhead was charged with DUI, and a blood test revealed a BAC of .30. At the time of sentencing, an arrest warrant had been issued in Oregon for a probation violation. The district court emphasized the protection of society in fashioning its sentence. The court took note of Broadhead's criminal background, that the events of this case took place while Broadhead was on probation in Oregon, and that Broadhead had three DUI convictions since May 2001. On these facts, we cannot conclude the sentences are unreasonable and an abuse of discretion.

■ Broadhead argues that the fine imposed because of his commission of a violent crime is illegal because it was not put into a separate order, pursuant to Idaho Code § 19–5307. Section 19–5307 requires, "A fine created under this section shall be a separate written order in addition to any other sentence the court may impose." Section 19–5307 directs the enforcement of the fine as a civil judgment. *State v. Thompson,*

132 Idaho 628, 632, 977 P.2d 890, 894 (1999). In pertinent part, I.C. § 19–5307 states:

> The fine shall operate as a civil judgment against the defendant, and shall be entered on behalf of the victim named in the indictment or information, or the family of the victim in cases of homicide or crimes against children, and shall not be subject to any distribution otherwise required in section 19–4705, Idaho Code. A fine created under this section shall be a separate written order in addition to any other sentence the court may impose.

We note the judgment of conviction states that the statutory fine "shall also be entered as a separate written order." The district court directed that the fine be entered separately, recognizing that this was required by I.C. § 19–5307. If a separate order was never entered, that means merely that the fine is not yet adequately documented; it does not make the fine illegal in any sense. This shortcoming can be remedied, and the fine will be enforceable *nunc pro tunc,* when a separate written order is entered.

### III.

### CONCLUSION

Based on the foregoing, we affirm Broadhead's judgment of conviction and sentences on three counts of aggravated assault.

Chief Judge LANSING and Judge PERRY concur.