IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36416

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 564 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEVEN S. LEAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Judgment of conviction for malicious harassment, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Steven S. Leas appeals from his conviction for malicious harassment. Specifically, he contends the court erred in instructing the jury. We affirm.

## I.

## FACTS AND PROCEDURE

While exiting a gas station in Lewiston, Herman Gary, who is black, observed Leas, shirtless and bearing a large swastika tattoo on his chest, open Gary's truck and turn down his music. Leas approached Gary, an altercation ensued, and Leas shoved Gary in the upper chest, chased him around the parking lot, and repeatedly called him racial slurs such as "nigger" and "coon boy."

Leas was charged with malicious harassment, Idaho Code § 18-7902. The first jury failed to reach a verdict and a mistrial was declared. Prior to commencement of the second jury trial, Leas proposed a jury instruction regarding the elements of malicious harassment which

1

deviated from the statutory language. The district court declined to use the instruction, instead instructing the jury according to the language in the malicious harassment statute. Leas objected to the district court's refusal to use his proposed instruction.

The second jury found Leas guilty of malicious harassment, and the court sentenced him to three years imprisonment, with one year determinate, suspended the sentence and placed him on probation. Leas now appeals.

## II.

## ANALYSIS

The sole issue advanced by Leas on appeal is whether the court erred in refusing to give his proposed jury instruction regarding the elements of malicious harassment. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. That is, the court must deliver instructions on the rules of law that are material to the determination of the defendant's guilt or innocence. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009); *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted. *Severson*, 147 Idaho at 710, 215 P.3d at 430; *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). Each party is entitled to request specific instructions, but requested instructions need be given only if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not correct and pertinent if it is an erroneous statement of the law, adequately covered by other instructions, or not supported by a reasonable view of the trial evidence. *State v. Johns*, 112 Idaho 873, 881, 736 P.2d 1327, 1335 (1987); *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982); *State v. Arrasmith*, 132 Idaho 33, 43-44, 966 P.2d 33, 43-44 (Ct. App. 1998). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

The statute under which Leas was charged, states, in relevant part:

> It shall be unlawful for any person, maliciously and with the specific intent to intimidate or harass another person *because of* that person's race, color, religion, ancestry, or national origin, to:

2

(a) Cause physical injury to another person; or

(b) Damage, destroy, or deface any real or personal property of another; or

(c) Threaten, by word or act, to do the acts prohibited if there is reasonable cause to believe that any of the acts described in subsections (a) and (b) of this section will occur.

I.C. § 18-7902 (emphasis added).

At trial, Leas proposed that the district court instruct the jury that:

In order to find that the crime of malicious harassment was committed by the defendant against [sic] as charged in the Information you must find beyond a reasonable doubt that *a bias against the race or color of Herman Gary was a substantial factor* in bringing about the crime.

(emphasis added).

The elements instruction actually given the jury stated:

In order for the Defendant to be guilty of MALICIOUS HARASSMENT, as charged in the Information, the State must prove each of the following:
(1) On or about the 17th day of August, 2007,
(2) in the State of Idaho,
(3) the Defendant, STEVEN S. LEAS,
(4) did maliciously and with the specific intent to intimidate or harass HERMAN L. GARY *because of* his race or color,
(5) threatened, by word or act, to cause physical injury to HERMAN L. GARY,
(6) and there was reasonable cause to believe the injury would occur.
If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

(emphasis added).

There is no pattern jury instruction for malicious harassment, but in *State v. Rae*, 139 Idaho 650, 654, 84 P.3d 586, 590 (Ct. App. 2004), this Court noted that under the statutory theory analysis, the elements of malicious harassment are: (1) a threat, made by word or act, to cause physical injury; (2) there is reasonable cause to believe that physical injury will occur; (3) such threat was made maliciously; (4) with the specific intent to intimidate or harass the victim; (5) *because of* the victim's race or color. *Id.*

The mental state that is required for the commission of a particular offense is determined by the language of the statute defining that offense. *State v. Broadhead*, 139 Idaho 663, 666, 84 P.3d 599, 602 (Ct. App. 2004); *State v. Crowe*, 135 Idaho 43, 45, 13 P.3d 1256, 1258 (Ct. App.

3

2000). Ordinarily the language employed by the legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated on its use in jury instructions. *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996); *Broadhead*, 139 Idaho at 666, 84 P.3d at 602; *State v. Carsner*, 126 Idaho 911, 914, 894 P.2d 144, 147 (Ct. App. 1995). *See also State v. Young*, 138 Idaho 370, 373, 64 P.3d 296, 299 (2002) ("Generally giving an instruction in statutory language is not error.") *Accord State v. Aragon*, 107 Idaho 358, 362, 690 P.2d 293, 297 (1984) (holding that because the language of the jury instructions followed the statute, they were not erroneous); *State v. Robran*, 119 Idaho 285, 289, 805 P.2d 491, 495 (Ct. App. 1991) (same).

Here, Leas seems to be arguing that because some jurisdictions have defined the term "because of" in hate crime statutes as requiring that a "bias" against the victim's race, color, religion, ancestry, or national origin be a "substantial factor" in the defendant's threat, the district court was required in this instance to disregard the statutory language of I.C. § 18-7902 and replace "because of" with the requirement that the defendant's "bias" was a "substantial factor." We note, however, that Idaho's malicious harassment standard has not been interpreted to require showing that the perpetrator's bias against the victim's race, etc., was a "substantial factor" in the act; the elements of the crime as articulated in *Rae* only require that the defendant had made the threat "because of" the victim's race, color, etc. Leas cites no authority that requires us to deviate from the statutory language and given that error cannot be predicated on the use of statutory language in jury instructions, *see Zichko*, 129 Idaho at 264, 923 P.2d at 971, we conclude the court did not err in rejecting Leas's proposed instruction because the intent element was already sufficiently covered by the elements instruction. *Cf. McKay v. State*, 148 Idaho 567, 571, 225 P.3d 700, 704 (2010) (finding error in jury instructions where they deviated from statute and from model jury instructions). We conclude that the district court did not err in instructing the jury and affirm Leas's judgment of conviction for malicious harassment.

Judge GRATTON and Judge MELANSON **CONCUR.**

4