**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40616**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 4 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES ALLEN VAUGHN, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony violation of a no contact order, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Charles Allen Vaughn, Jr., appeals from his judgment of conviction for felony violation of a no contact order, Idaho Code § 18-920.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 30, 2009, Vaughn pled guilty to domestic violence in the presence of a child in Case No. CR-FE-2009-0014391.  The district court sentenced Vaughn and entered a no contact order.  The order listed the Case No. as CR-FE-2009-21560, a case that was previously dismissed pursuant to a plea agreement on December 3, 2009.  Vaughn subsequently filed several motions to modify the no contact order.  These motions were all filed under CR-FE-2009-0014391.  The court denied the motions to modify.  On March 21, 2012, Vaughn was served with an amended no contact order that changed only the Case No. to CR-FE-2009-0014391.

1

Vaughn violated the no contact order on multiple occasions. The State charged Vaughn with nine counts of violating the no contact order. Each charge alleged contact on a date before the court amended the order. Vaughn filed a motion to dismiss the information. He argued the no contact order was void because the case number listed on the order was from his dismissed case. The district court denied the motion, reasoning the dismissed case number was written as a clerical error. Vaughn entered a conditional guilty plea to a single count of violating the no contact order. Vaughn timely appeals.

## II.

## ANALYSIS

Vaughn argues the district court entered the original no contact order without subject matter jurisdiction. Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

> "Jurisdiction over the subject matter" has been variously defined as referring to (1) the nature of the cause of action and of the relief sought; (2) the class of cases to which the particular one belongs and the nature of the cause of action and of the relief sought; (3) the power of a court to hear and determine cases of the general class to which the particular one belongs; (4) both the class of cases and the particular subject matter involved; and (5) the competency of the court to hear and decide the case. However, subject matter jurisdiction does not depend on the particular parties in the case or on the manner in which they have stated their claims, nor does it depend on the correctness of any decision made by the court. Also, the location of a transaction or controversy usually does not determine subject matter jurisdiction.

*State v. Rogers*, 140 Idaho 223, 227-28, 91 P.3d 1127, 1131-32 (2004) (quoting 20 Am. Jur. 2d *Courts* § 70 (1995)). "An order entered without subject matter jurisdiction is void." *State v. Peterson*, 148 Idaho 610, 612-13, 226 P.3d 552, 554-55 (Ct. App. 2010) (citing *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009)).

Vaughn argues the court entered the no contact order in a dismissed case, which deprived the court of subject matter jurisdiction. Vaughn's argument mischaracterizes the nature of the proceedings below. The district court did not issue the order in a dismissed case, but issued the order in the case in which Vaughn pled guilty to domestic violence. A court may order a no contact order pursuant to I.C. § 18-920, which states in relevant part:

> (1) When a person is charged with or convicted of an offense under section . . . 18-918 . . . Idaho Code, or any other offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another

2

person may be issued. A no contact order may be imposed by the court or by Idaho criminal rule.

Vaughn pled guilty to domestic violence in the presence of a child, a violation of I.C. § 18-918. The court sentenced Vaughn and entered a no contact order pursuant to I.C. § 18-920. The court's subject matter jurisdiction did not depend on the order having the correct case number written on it; instead, it arose from the initiation of the criminal proceeding and the court's authority was bestowed by I.C. § 18-920.

Vaughn's reliance on his order not complying with Idaho Criminal Rule 46.2 is misplaced. In *State v. Armstrong*, 146 Idaho 372, 195 P.3d 731 (Ct. App. 2008), this Court discussed the difference between a court's power to act, i.e., subject matter jurisdiction, and a court's authority to act within its subject matter jurisdiction:

> A precise use of the term "jurisdiction" refers only to either personal jurisdiction over the parties or subject matter jurisdiction. Unfortunately, however, the term is often used more loosely to refer simply to a court's authority to take a certain action or grant a certain type of relief. That is, courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law.

*Id*. at 375, 195 P.3d at 734. Though I.C.R. 46.2(a)(1) requires that the case number be written on the order, nothing in Rule 46.2 indicates a court is without jurisdictional power to issue or enforce a no contact order unless the case number is properly recorded. The court's compliance with I.C.R. 46.2 did not determine whether subject matter jurisdiction existed. *See State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013) (issuing warrant in violation of former I.C.R. 41(a) was merely a judicial error and not an act taken without subject matter jurisdiction); *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 110-11, 244 P.3d 247, 254-55 (Ct. App. 2010) (deviating from Child Protective Act time requirements did not deprive the court of subject matter jurisdiction); *In re Von Krosigk*, 116 Idaho 520, 522, 777 P.2d 742, 744 (Ct. App. 1989) (failing to comply with hearing deadline did not deprive the court's power to act). The court's original order incorrectly recited the case number; however, the error did not affect the court's subject matter jurisdiction.

Vaughn characterizes the error not as a clerical mistake, but as the court issuing the order in his dismissed case. Vaughn's assertion is belied by the record. Idaho Criminal Rule 36 allows a court to correct clerical mistakes arising from oversight or omission. "Relief under

I.C.R. 36 and its civil counterpart, Idaho Rule of Civil Procedure 60(a), is strictly limited to the correction of clerical errors, as opposed to judicial or legal errors." *State v. Moore*, 152 Idaho 203, 205, 268 P.3d 471, 473 (Ct. App. 2011) (citing *Silsby v. Kepner*, 140 Idaho 410, 412, 95 P.3d 28, 30 (2004)). Our Supreme Court adopted the following reasoning for I.R.C.P. 60(a):

> In *Blanton v. Anzalone*, 813 F.2d 1574 (1987), the 9th Circuit found: "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. The error can be corrected whether it is made by a clerk or by the judge." 813 F.2d at 1577. The court further explained:
>
>> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Silsby*, 140 Idaho at 412, 95 P.3d at 30 (quoting *Blanton*, 813 F.2d at 1577 n.2). Thus, a clerical mistake is one of draftsmanship; whereas, a judicial error is a mistake of substance. *Vierstra v. Vierstra*, 153 Idaho 873, 879, 292 P.3d 264, 270 (2012) (discussing Rule 60(a)).

Vaughn correctly notes that the district court lacked the power to issue a no contact order in the previously dismissed case. However, Vaughn has failed to establish that is what occurred. The no contact order was filed in CR-FE-2009-0014391--the case in which Vaughn pled guilty to domestic violence. Over several years, Vaughn continued to move the court to modify the order; each motion filed and denied under CR-FE-2009-0014391. In *State v. Vaughn*, Docket Nos. 39526, 40237 (Ct. App. Sept. 5, 2013) (unpublished), this Court affirmed two of the orders denying the motions to modify. The appeal arose from CR-FE-2009-0014391. The district court later amended the order to reflect the case number in which it was filed. Upon reviewing the record, it is apparent that writing the incorrect case number was an oversight that was properly corrected in March 2012. There is no indication that a no contact order was filed in the dismissed case, CR-FE-2009-21560, or anything to suggest the district court intended to file the order in that case. Contrary to Vaughn's speculation, a prosecutor described the genesis of the incorrect case number at a preliminary hearing:

> When the prosecutor from my office who took those pleas wrote out the no-contact order on that agreement, she wrote the 21560 number on the no-

4

contact order from Case No. 14391. It was signed by [the judge]. It expires in 2029. It was served on the defendant.

The district court did not file, or intend to file, the no contact order in the dismissed case in which it lacked subject matter jurisdiction; rather, a clerical error simply resulted in the wrong case number being written down. The no contact order was entered at the time of sentencing, filed in the case in which sentencing occurred, the subject of several motions and an appeal within that case, and ultimately corrected as a clerical mistake. The no contact order was not, as Vaughn contends, entered without subject matter jurisdiction.

## III.
## CONCLUSION

The district court issued the no contact order after Vaughn pled guilty to domestic battery. Based on the initiation of the criminal proceeding in Case No. CR-FE-2009-0014391, the district court had subject matter jurisdiction to issue the order. The listed case number was a mere clerical error. Therefore, Vaughn's judgment of conviction for felony violation of a no contact order is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**