# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45192

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 368 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| KYLIE LOUISE KAUFFMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Kylie Louise Kauffman pled guilty to possession of heroin, Idaho Code § 37-2732(c). She also pled guilty to grand theft in a separate case. In exchange for her guilty pleas, additional charges were dismissed. Kauffman agreed to pay restitution "on all counts in all cases." The district court imposed a unified sentence of five years, with a minimum period of confinement of one and one-half years, for possession of heroin, to run concurrently with the grand theft sentence. At defense counsel's request, the district court left the issue of restitution open. Defense counsel subsequently asserted Kauffman would stipulate to the State's restitution request, and the district court entered an order for restitution. Kauffman filed an Idaho Criminal

1

Rule 35 motion for reduction of sentence, which the district court denied. Kauffman appeals, contending the district court abused its discretion in ordering restitution in her possession case.

The State argues that because the restitution order at issue was not filed in the instant case file nor bears this case's docket number on the restitution order, this Court does not have jurisdiction, and the appeal requires dismissal. The two cases were initially consolidated in the district court, and the restitution order applied to both cases. Pursuant to Kauffman's motions to sever and dismiss her appeal in the grand theft case, the cases have been severed. The order of restitution is included in the clerk's record on appeal and specifically addresses restitution in the case before us in a separate section of the order. Thus, the absence of the possession of heroin case number in the caption of the restitution order amounts to a clerical error. Accordingly, this Court has jurisdiction to address the challenge to the restitution order as applicable to this case. *See State v. Vaughn*, 156 Idaho 13, 16, 319 P.3d 497, 500 (Ct. App. 2014).

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Having stipulated to the State's restitution request, Kauffman cannot now challenge the order for restitution.

Therefore, the order for restitution is affirmed.