# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51032

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 5, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RONALD ANTHONY MANZER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for two counts of lewd conduct with a child under the age of sixteen years and seven counts of sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Ronald Anthony Manzer appeals from his judgment of conviction for two counts of lewd conduct with a child under the age of sixteen years and seven counts of sexual abuse of a child under the age of sixteen years. Manzer argues the district court abused its discretion when it ordered him to pay a $5,000 civil penalty for each of his nine convictions without imposing the penalties in separate written orders as required by Idaho Code § 19-5307. The State responds that Manzer's argument is not preserved for appeal, however, if error is found, it is easily correctable through orders entered *nunc pro tunc* or by remand. For the reasons set forth below, we affirm Manzer's judgment of conviction, and the penalties will be enforceable *nunc pro tunc*, when separate written orders are entered.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Manzer was indicted by a grand jury for two counts of lewd conduct with a child under the age of sixteen years, I.C. § 18-1508, and seven counts of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. Following a jury trial, Manzer was found guilty on all nine counts. A judgment of conviction was entered and Manzer was sentenced to a term of incarceration. Additionally, Manzer was ordered to pay a $5,000 civil penalty on each count. The district court included the penalties in the judgment of conviction but did not enter a separate order containing the penalties as required by statute. Manzer appeals.

# II.

## ANALYSIS

Manzer argues the district court abused its discretion by imposing a $5,000 civil penalty on each of his nine convictions without imposing the penalties in separate written orders as required by I.C. § 19-5307. That section provides, in relevant part, that the trial court "may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsection[] (2) . . . of this section." Idaho Code § 19-5307(1) also requires that "a fine created under this section shall be a separate written order in addition to any other sentence the court may impose."

The State agrees that, while the district court entered the penalties "clearly and distinctly from other financial penalties" in the judgment of conviction, the district court erred when it failed to enter the penalties in a separate written order as required by statute. Manzer argues that because there is no statutory mechanism to enter new separate written orders, the portions of his judgment of conviction that impose the penalties must be vacated. The State responds Manzer is arguing that his sentence is illegal for the first time on appeal and therefore his argument is waived. Nevertheless, the State requests either that this Court find the penalties will be enforceable *nunc pro tunc*, when separate written orders are entered without remanding the case or remand the case to allow the district court to enter a separate written order documenting the civil penalties imposed on Manzer under I.C. § 19-5307 pursuant to Idaho Criminal Rule 36.

We first address whether the issue is properly preserved for appeal. The statute under which the penalties were imposed, I.C. § 19-5307, reads: "a defendant may appeal a fine created under this section in the same manner as any other aspect of a sentence imposed by the court."

2

Therefore, Manzer was not required to first challenge the penalties as illegal in an I.C.R. 35 motion and can raise the issue for the first time on appeal.

Next, regarding the fact that the civil penalties were included in the judgment of conviction as opposed to a separate order, a similar issue was raised in *State v. Broadhead*, 139 Idaho 663, 669, 84 P.3d 599, 605 (Ct. App. 2004). There, Broadhead argued a civil penalty imposed under I.C. § 19-5307 was illegal because it was not in a separate order, but rather, in the judgment of conviction. *Broadhead*, 139 Idaho at 669, 84 P.3d at 605. In the judgment of conviction, the district court stated the statutory penalty "shall also be entered as a separate written order." *Id.* This Court concluded that the district court recognized the statutory fine was required to be entered separately pursuant to I.C. § 19-5307, it just had not been entered yet. Therefore, we held the case did not need to be remanded, as the mistake could be easily remedied and held "the fine will be enforceable *nunc pro tunc*, when a separate order is entered." *Id.*

Here, Manzer's judgment of conviction does not contain language indicating the penalties would be entered in a separate order. Instead, each of the penalties is included in the judgment of conviction directly following each count. This constitutes error based upon the plain language of I.C. § 19-5307(1). Manzer argues that because there is no statutory mechanism to enter new separate written orders, the portions of his judgment of conviction that impose the penalties must be vacated. The State responds the error can be corrected with or without remand because the error was procedural and clerical in nature, did not unfairly prejudice Manzer, and did not impact Manzer's substantive rights. We agree with the State that the district court made a clerical error-- not a judicial error that requires remand.

A clerical mistake is one of draftsmanship whereas a judicial error is a mistake of substance. *State v. Vaughn*, 156 Idaho 13, 16, 319 P.3d 497, 500 (Ct. App. 2014). Clerical errors consist of "blunders in execution," while judicial errors "consist of instances where the court *changes its mind*." *Id.* (quoting *Blanton v. Anzalon*e, 813 F.2d 1574, n.2 (9th Cir. 1987)).

In this case, the district court intended to impose civil penalties on Manzer pursuant to I.C. § 19-5307(1). At the sentencing hearing, the district court stated:

> On each count I will impose court costs. I won't impose a fine. On each count I will impose a $5,000 civil penalty in favor of the victim named in that count. And where both girls are named as victims, it will be in favor of them jointly and--I mean, they'll share that.

Although entered only in the judgment of conviction and not in a separate written order, the error is one that can be corrected without changing the substantive order or the intent of the district court. There is no question the district court intended to enter the civil penalties against Manzer or that the amount of each penalty is $5,000. We disagree with Manzer that the focus is on the district court's intent to issue a separate order as opposed to the district court's intent to order the penalties. As explained in *Broadhead*, "If a separate order was never entered, that means merely that the fine is not yet adequately documented; it does not make the fine illegal in any sense. This shortcoming can be remedied, and the fine will be enforceable *nunc pro tunc*, when a separate written order is entered." *Broadhead*, 139 Idaho at 669, 84 P.3d at 605.

Permitting the district court to enter a separate *nunc pro tunc* order regarding the civil penalties simply corrects an error arising from oversight or omission, i.e., that the penalties had to be entered in a separate order. It does not unfairly prejudice Manzer and does not impact any substantive right of Manzer's. Because the civil penalties were not entered in separate orders, the penalties are simply not yet adequately documented but are not illegal. The penalties will be enforceable *nunc pro tunc*, when a separate written order is entered. Because the civil penalties will be enforceable when a separate order is entered, we need not address the State's I.C.R. 36 argument or remand the case.

## IV.
## CONCLUSION

Although the district court did not abuse its discretion by including the civil penalties in the judgment of conviction, the district court erred by not imposing the penalties in a separate written order as required by I.C. § 19-5307. Therefore, Manzer's judgment of conviction is affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.

4