95 P.3d 28

**Deborah Laurelie SILSBY, fka Deborah Kepner, Plaintiff–Appellant,**

v.

**Jeffery Robert KEPNER, Defendant–Respondent.**

No. 30222.

Supreme Court of Idaho.
Boise, March 2004 Term.

July 1, 2004.

Bauer & French, Boise, for appellant, Charles B. Bauer argued.

Jeffery R. Kepner, pro se respondent, did not participate on appeal.

TROUT, Chief Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Deborah Silsby (Silsby) and Jeffery Kepner (Kepner) were married in 1985 and five children were born to the marriage. Silsby filed for divorce in August 1999. Kepner executed an acceptance of service, acknowledging receipt of the complaint and summons, but did not personally appear or contest the divorce. In the complaint, Silsby set out a property division, allocation of custody, and calculation of child support. Silsby also submitted an affidavit of income and child support worksheet pursuant to the Idaho Child Support Guidelines (I.C.S.G.) which estimated child support at $780.13 per month but did not include any offset to Kepner for the tax benefit to Silsby of the child dependency exemption.

On September 2, 1999, the magistrate judge entered a default judgment and Decree

of Divorce (Decree) containing the same terms as those set forth in the divorce complaint, awarding Silsby the tax exemptions for the children without any offset to Kepner. In April 2001, Kepner filed a petition to modify child support, claiming that he had suffered a substantial decrease in income and seeking a reduction in his support obligation. Silsby filed a motion to dismiss, asserting that Kepner was in contempt for failing to pay child support under the Decree.

Kepner then filed a motion to correct a clerical error under I.R.C.P. 60(a), asserting that the Decree incorrectly calculated the child support amount. The magistrate judge held a hearing on all of the motions and granted Kepner's motion to modify child support (Modification Decision), reasoning that the original Decree erroneously failed to give Kepner credit for the tax exemption benefits awarded to Silsby. Under I.R.C.P 6(c)(6), the magistrate judge recalculated Kepner's child support obligation and reduced the payment to $603.00. The magistrate judge also retroactively credited Kepner back to the date of the Decree with the difference between the amount awarded under the Decree and the amount that should have been ordered if Kepner had received the offset.

Silsby then appealed the Modification Decision to the district court, which affirmed the magistrate judge. Silsby appealed again and the appeal was assigned to the Court of Appeals, which agreed with the district court that the failure to reduce the child support obligation with an offset for the tax exemption claimed by Silsby was a clerical error subject to correction under I.R.C.P. 60(a). Silsby petitioned this Court to review the Court of Appeals decision, which was granted.

## II. DISCUSSION

■ Rule 60(a) applies to those errors in which the "... type of mistake or omission [is] mechanical in nature which is apparent in the record and which does not involve a legal decision or judgment by an attorney. The clerical mistake under Rule 60(a) may be differentiated from the mistake or inadvertence referred to in Rule 60(b)(1), upon the ground that the latter applies primarily to errors or omissions committed by an attorney or by the court which are not apparent on the record." (citation omitted) *Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct.App.1987). "Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." (citation omitted) *Dursteler*, 112 Idaho at 597, 733 P.2d at 818. Silsby, relying on *Dursteler*, argues that the mistake at issue is not a clerical error or omission and not subject to correction under I.R.C.P. 60(a). In that case, the Court of Appeals found that where post-judgment interest is a matter of right and therefore mandatory, the failure to include the interest was a clerical error and correctable under Rule 60(a).

Silsby argues that the tax benefit for the child dependency exemption and the accompanying offset against the child support obligation set forth in the I.C.S.G are not mandatory because Rule 6(c)(6) § 8 states in part:

> Unless the parties agree otherwise, the court *should* assign the dependency exemption(s) to the parent who has the greater income and calculate the tax benefit to each parent from the table below using the marital status and guidelines income of each parent at the time of the child support award calculation. The parent not receiving the exemption(s) is entitled to a pro rata share of the income tax benefit or child tax credit....(emphasis added)

■ In considering the language of the above guideline, it is clear that the rule is mandatory upon the court and not discretionary.[1] While it states that the court "should" assign the exemption to the parent with greater income, it also provides that the par-

---

1. It is mandatory absent a finding that the circumstances justify a departure from the guidelines. I.C.S.G. Rule 6(c)(6) § 3.

ent not receiving the exemption "is" entitled to a pro rata share of the benefit. Thus the other parent should be compensated accordingly, unless the parties agree otherwise, which they did not in this case. However, the judge in this case made a legal error and not a clerical error in not giving a credit to Kepner for the tax exemption.

 Rulings in other jurisdictions and in the federal appellate circuits generally favor the determination that legal errors, as opposed to clerical errors, are not entitled to correction under Rule 60(a). In *Blanton v. Anzalone,* 813 F.2d 1574 (1987), the 9th Circuit found: "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. The error can be corrected whether it is made by a clerk or by the judge." 813 F.2d at 1577. The court further explained:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* at n. 2. We find the 9th Circuit's construction of Rule 60(a) to be proper and applicable here. Where the magistrate did not intend to make the award in the first place, it was not a clerical error to be corrected under Rule 60(a), but rather a legal error that falls outside the remedy of this rule.

As a result, the magistrate court erred in amending the Decree under I.R.C.P. Rule 60(a) to reduce retroactively the child support obligation based upon a calculation of the pro rata share of the tax benefit which should have been awarded at the time the Decree was originally entered.

## III. CONCLUSION

The allocation of the tax benefit was not a clerical error subject to correction under Rule 60(a). The decision of the magistrate court is reversed. We award costs on appeal to Silsby.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.