**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38285**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Opinion No. 76** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 21, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALBERT RAY MOORE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Second amended judgment of conviction for felony driving under the influence, affirmed.

Nevin, Benjamin, McKay & Bartlett; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Albert Ray Moore appeals from the district court's second amended judgment of conviction for driving under the influence, which the district court said it issued to correct a clerical error in the first amended judgment of conviction. At issue is whether the district court possessed authority to enter the second amended judgment.

**I.**

**FACTS AND PROCEDURE**

In two cases filed in 2006 and 2007, Moore was charged with driving under the influence (DUI). In each case, the charge was enhanced to a felony pursuant to Idaho Code § 18-8005(5) on grounds that Moore had twice previously been convicted of DUI within the preceding ten years, including a conviction in North Dakota. In both Idaho DUI cases, Moore challenged the State's reliance on the North Dakota conviction on the contentions that it did not qualify as a

1

"substantially conforming foreign criminal conviction" under Idaho Code § 18-8005(5),[1] and that the conviction was constitutionally defective. After the district court denied Moore's motion to dismiss the present case on either basis, Moore entered a conditional guilty plea. His plea reserved the right to appeal several of the district court's rulings, including the court's rejection of Moore's challenge to the State's use of the North Dakota conviction. The district court entered a judgment of conviction imposing a unified sentence of six years, with one year fixed.

In Moore's other DUI case, he pleaded not guilty and went to trial. In that trial, the district court admitted evidence of the North Dakota DUI conviction over Moore's objection that it was not a substantially conforming foreign criminal conviction, that the Wyoming conviction was constitutionally defective, and that the documentary evidence of that conviction was not properly authenticated. Moore appealed in both cases.

The two appeals were consolidated and addressed by this Court in *State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010). We affirmed the district court's determination that the North Dakota DUI conviction was "substantially conforming" and that Moore had not shown that conviction to be constitutionally defective. These rulings rejected the challenges to use of the North Dakota conviction that Moore had made before the district court in this case. However, we also vacated the judgment of conviction in his other DUI case because the documentary evidence of the North Dakota conviction was not properly authenticated and therefore had been wrongly admitted at trial. *Id.* at 892-99, 231 P.3d at 537-44.

In that appeal, Moore contended that he and the district court had "agreed" at the change of plea hearing in the present case that his guilty plea could be set aside if he obtained *any* appellate relief in the other case regarding the North Dakota conviction. He argued that because this Court had determined that documentary evidence of the North Dakota conviction was wrongly admitted at trial in the other case due to lack of proper authentication, the present case should be remanded for "further proceedings as intended by the district court." *Id.* at 903-04, 231 P.3d at 548-49. Because ambiguous statements made at Moore's change of plea hearing concerning the scope of the reserved issue left open this possibility, we remanded this case "for

---

[1]     Idaho Code § 18-8005 at that time provided that a DUI could be elevated to a felony in certain circumstances based upon prior convictions for violation of Idaho's DUI statutes or a "substantially conforming foreign criminal violation."

proceedings consistent with our opinion and the Rule 11 plea agreement." *Id.* at 904, 231 P.3d at 549.

On remand, the district court determined that the reservations in Moore's conditional guilty plea were not as broad as Moore contended in that he did not reserve a right to relief from his guilty plea if the Court of Appeals found evidentiary trial error in the other case. The district court therefore effectively denied Moore's motion to withdraw his guilty plea. Perhaps so that Moore would have a written document from which to appeal, the district court stated its intent to enter an amended judgment which would "impose the sentence as earlier set out in the Court's judgment." Later in the same hearing, the district court said that it would "impose the sentence of one year fixed, four years indeterminate for five years," which was not an accurate statement of the original sentence. On June 11, 2010, the amended judgment of conviction was entered, stating a unified sentence of five years, with one year fixed. Moore did not appeal, and neither did the State.

On September 10, 2010, the State filed a motion to amend the judgment of conviction a second time to "correct an apparent clerical mistake." The State pointed out that the original judgment of conviction imposed a unified sentence of *six* years, with one year fixed and that because at the hearing on remand the district court had stated its intent to "impose" that sentence again, its amended judgment of conviction stating a unified sentence of *five* years, with one year fixed, was a mistake. Over Moore's protestations, the district court agreed that it had made a clerical mistake correctable under Idaho Criminal Rule 36, and entered a second amended judgment of conviction expressing a unified sentence of six years, with one year fixed. Moore appeals.

## II.

## ANALYSIS

On appeal, Moore asserts that the district court did not have jurisdiction to enter the second amended judgment of conviction because I.C.R. 36 allows the correction of only clerical errors, and not a judicial error as Moore contends occurred here. The State counters that the district court exceeded the scope of this Court's remand from the earlier appeal and had no authority to enter the initial amended judgment in the first instance. Therefore, reasons the State, the *original* judgment of conviction, and the sentence it expressed, remain in effect. We do not find it necessary to resolve the issue raised by the State because, even assuming the district court

3

possessed authority to enter the initial amended judgment on remand, Moore has shown no right to relief.

Moore claims that the district court erred by determining that I.C.R. 36 authorized the court to make the correction that it did. The rule states:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Relief under I.C.R. 36 and its civil counterpart, Idaho Rule of Civil Procedure 60(a), is strictly limited to the correction of clerical errors, as opposed to judicial or legal errors. *Silsby v. Kepner*, 140 Idaho 410, 412, 95 P.3d 28, 30 (2004); *State v. Phillips*, 99 Idaho 354, 355, 581 P.2d 1173, 1174 (1978); *State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007). The court's intent must be expressed on the record in the first instance before a later-filed document having content inconsistent with that intent can be corrected as a clerical error or mistake under the rules. *Silsby*, 140 Idaho at 412, 95 P.3d at 30; *Allen*, 144 Idaho at 878, 172 P.3d at 1153. This judicially-imposed limitation exists to ensure that a trial court does not use either rule as a vehicle to simply change its mind and exercise its discretion differently from the way it was exercised in the original determination. *Silsby*, 140 Idaho at 412, 95 P.3d at 30. In the context of criminal sentencing specifically, this Court has stated that I.C.R. 36 "does not provide a vehicle by which a trial court may amend a sentence to give effect to the court's previously unstated intent that alters the sentence." *Allen*, 144 Idaho at 878, 172 P.3d at 1153.

Hence, if the proceeding at issue here had been a sentencing hearing at which a court was required to orally pronounce sentence, Rule 36 could not have been used to later "correct" the judgment to state a sentence different from the one that was orally imposed. *Allen*, 144 Idaho at 878, 172 P.3d at 1153; *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989). Based on this principle, Moore asserts that the district court's oral recitation at the remand hearing of a "sentence of one year fixed, four years indeterminate for five years" controls.

The foundation for Moore's assertion is the district court's statement at the remand proceeding that it would "impose" a sentence. However, contrary to Moore's repeated assertions otherwise, the remand proceeding here was not a sentencing hearing. Instead, this Court remanded the case for the district court to determine the scope of the conditions on Moore's conditional guilty plea, specifically, whether it was a condition that the plea could be withdrawn

4

if Moore obtained relief on appeal in his other case on an issue other than the constitutional and the statutory "substantially conforming" challenges to the use of the North Dakota conviction. Regardless of the district court's determination of this question on remand, no resentencing was necessary. If Moore prevailed on remand, he would be entitled to withdrawal of the guilty plea, and if he did not prevail, the original judgment and sentence would remain in effect. The district court's use of the parlance "impose" at the remand proceeding was inaccurate and ill-advised because Moore's sentence had been imposed before the first appeal. In any event, the district court did not purport to resentence Moore but, instead, stated an intent to reiterate the original sentence. Based on the district court's comments at the hearing, the only reason the court entered an amended judgment was to create a filed decision from which Moore could again appeal.[2]

Thus, the district court had no intent to make a substantive change to the sentence already in place. The mistake that the court made was in describing that extant sentence as "one year fixed, four years indeterminate for five years" as opposed to the actual sentence of one year fixed followed by five years indeterminate for a unified sentence of six years. The correction made in the second amended judgment was to effectuate the court's intent as stated on the record at the remand hearing. The district court possessed authority to make this correction under I.C.R. 36. Therefore, the district court did not err in correcting the amended judgment through entry of the second amended judgment.

The second amended judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[2] While this may have been a way to accomplish what the district court sought to do, *see State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996), the better method would have been for the district court to enter an order denying Moore's motion to withdraw his plea. Such an order would have been appealable as an "order made after judgment affecting the substantial rights of the defendant." Idaho Appellate Rule 11(c)(9).