# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38352

| | |
|---|---|
| JOHN B. KUGLER, ) | 2012 Unpublished Opinion No. 326 |
| ) | |
| Plaintiff-Appellant, ) | Filed: January 19, 2012 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| KENNETH W. HEIKES, JAMES M. PAHL, ) | THIS IS AN UNPUBLISHED |
| ESTATE OF E. L. DERR and SUSAN ) | OPINION AND SHALL NOT |
| DERR, ) | BE CITED AS AUTHORITY |
| ) | |
| Defendants-Respondents. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge. Hon. Rick Carnaroli, Magistrate.

Order of the district court affirming the decision of the magistrate granting summary judgment, denying reconsideration of the judgment, and awarding costs and attorney fees, <u>affirmed</u>.

John B. Kugler, Tacoma, Washington, pro se appellant.

Law Offices of Jones, Chartered; Thomas J. Holmes, Pocatello, for respondents.

_____

GRATTON, Chief Judge

John B. Kugler appeals from the district court's intermediate appellate decision affirming the magistrate's grant of summary judgment to the respondents, denial of Kugler's motion for reconsideration of the judgment, and the magistrate's award of costs and attorney fees to the respondents.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The original dispute in this case arose out of a disagreement by members of a limited-liability company as to the distribution of funds received from the sale of the company's only asset, a piece of real estate. Kugler filed his original complaint on July 23, 2007. After filing an answer and counterclaim, Kenneth W. Heikes, James M. Pahl, and the Estate of E.L. Derr and

1

Susan Derr (respondents) moved for summary judgment. Kugler opposed the respondents' motion and filed his own motion for partial summary judgment. Summary judgment was granted in favor of the respondents and Kugler's motion for partial summary judgment was denied on July 1, 2009.

Kugler then filed a motion for reconsideration, which was denied by the magistrate on November 5, 2009. The magistrate entered judgment the same day and awarded the respondents costs and attorney fees. On the respondents' motion, the magistrate entered a "Corrected Order on Motion for Reconsideration and Award of Costs and Attorney Fees," which corrected three errors in the original order.[1] Kugler filed an objection to the modification without a hearing on the same day the corrected order was issued. The magistrate filed an order on December 7, 2009, overruling Kugler's objection to modify the decision without a hearing.

Kugler appealed the magistrate's decision to the district court. The district court held that Kugler's appeal was untimely and also refused to consider his appeal regarding costs and fees, the changes in the corrected order, and the decision to make the changes without a hearing because Kugler failed to support his assertions with argument or authority in his opening brief. Kugler appeals the district court's decision.

## II.

## DISCUSSION

Kugler lists nine issues in his opening brief that can be summarized as follows: (1) the district court erred when it held that Kugler's appeal from the magistrate's decision was untimely; (2) the magistrate erred in granting summary judgment in favor of the respondents and denying Kugler's motion for partial summary judgment; and (3) the district court erred when it held Kugler had waived his right to appeal the magistrate's award of attorney fees.[2] On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We

---

[1] The magistrate changed three references from "defendants" to "plaintiff" in the order, but the judgment did not contain the errors and was not amended.

[2] Kugler also asserts that the magistrate erred by ruling on the respondents' request for attorney fees and Kugler's request for reconsideration without first holding a hearing. The record shows that on September 30, 2009, a hearing on both the request for reconsideration and award of attorney fees was held. Therefore, these claims are without merit and will not be considered.

examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

## A.     Time for Appeal

Kugler contends the district court erred by holding that his appeal of the magistrate's judgment was untimely. He argues that the respondents' motion for correction, which failed to expressly indicate under what rule it was filed, was filed pursuant to Idaho Rule of Civil Procedure 59(e), which would restart the time limit for filing an appeal. *See* I.R.C.P. 83(e). "The timely filing of a notice of appeal is jurisdictional." *Harrison v. Certain Underwriters at Lloyd's, London*, 149 Idaho 201, 205, 233 P.3d 132, 136 (2010) (quoting *In re Universe Life Ins. Co.,* 144 Idaho 751, 755, 171 P.3d 242, 246 (2007)). Jurisdictional questions are fundamental issues that this Court must address regardless of whether the parties themselves have raised them. *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 981 (2011). "This Court's ability to sua sponte review jurisdiction extends to an examination of the district court's jurisdiction." *Id.* "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003).

Idaho Rule of Civil Procedure 83(e) provides, in relevant part:

[A]n appeal to a district court from the magistrate's divisions must be filed with the appropriate district court within 42 days after entry of the judgment or order. Provided, however, that in the magistrate's division the running of the time for appeal from a final judgment is suspended by (1) a timely motion for a judgment notwithstanding the verdict following a timely motion for a directed verdict, (2) a timely motion to amend or make additional findings of fact or conclusions of law, whether or not alteration of the judgment is required if the motion is granted, (3) a timely motion to alter or amend the judgment (except motions under Rule 60 or motions regarding costs or attorney fees) or (4) a timely motion for new trial; and the full time for appeal from such a final judgment commences to run and is to be computed from the date of the clerk's filing stamp on any order granting or denying any of the above motions. . . .

Kugler argues that the respondents' motion to correct, filed on November 13, 2009, was a "motion to alter or amend the judgment" under I.R.C.P. 59(e); and as such, the motion extended

the time to appeal the judgment entered on November 5, 2009. Kugler argues the full time for appeal ran anew from the entry of the magistrate's December 7, 2009, order overruling his objection to the correction without hearing. Therefore, Kugler argues his notice of appeal, filed January 5, 2009, was timely.

It is apparent that the respondents sought to correct clerical errors in the magistrate's order and, therefore, the motion was properly characterized as one for correction pursuant to I.R.C.P. 60(a), and not a motion to alter or amend judgment under I.R.C.P. 59(e). Idaho Rule of Civil Procedure 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Clerical mistakes are "those errors in which the type of mistake or omission is mechanical in nature which is apparent in the record and does not involve a legal decision or judgment by an attorney." *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004) (internal quotations and parentheses omitted). Here, the only changes in the magistrate's corrected order were made by replacing the word "defendants" with "plaintiff" in three places. No modification was made to the judgment. It is readily apparent from the order, and the record as a whole, that the magistrate meant to refer to the plaintiff in those three instances. A motion to alter or amend the judgment under I.R.C.P. 59(e) is reserved for "errors of a more substantial nature." *Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct. App. 1987). By contrast, "[I.R.C.P.] 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Silsby*, 140 Idaho at 411, 95 P.3d at 29. The district court properly determined that changing "defendants" to "plaintiff" in three instances was a correction of a clerical error done pursuant to I.R.C.P. 60(a).

The magistrate properly corrected the clerical mistakes in his original order pursuant to I.R.C.P. 60(a). Motions under I.R.C.P. 60(a) and motions regarding costs or attorney fees are expressly excepted from the classes of motions that would renew the full time for appeal. *See* I.R.C.P. 83(e). Therefore, the motions filed by the parties after the entry of judgment on November 5, 2009, did not affect the forty-two-day time limit for filing an appeal. As a result, the last day for filing an appeal from the judgment in Kugler's case was December 17, 2009. *See* I.R.C.P. 83(e); Idaho Appellate Rule 14. Kugler did not file his appeal until January 5, 2010, and thus failed to timely appeal the magistrate's decision. Therefore, to the extent Kugler asserts

4

errors arising out of the magistrate's decisions regarding summary judgment and the subsequent entry of judgment in the case, the district court correctly determined that it lacked jurisdiction to hear Kugler's claims on appeal. Moreover, like the district court, we must decline to hear Kugler's claims regarding the magistrate's decision.

## B.    Magistrate's Award of Attorney Fees

Kugler next contends that the district court erred when it determined that it could not consider the issue of attorney fees. The district court declined to consider the magistrate's award of attorney fees because Kugler's briefs only mentioned the award; he failed to include any argument or authority on the issue. If an issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered on appeal. *Dawson v. Cheyovich Family Trust,* 149 Idaho 375, 382-383, 234 P.3d 699, 706-707 (2010) (citing *Inama v. Boise County ex rel. Bd. of Comm'rs,* 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)). Thus, the district court properly declined to consider Kugler's claims. We too will not consider this claim and note, moreover, that Kugler failed here, as he did in the district court, to support the claim.

## C.    Attorney Fees on Appeal

The respondents also request attorney fees on appeal pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). In this case, the respondents are the prevailing parties, and we conclude that Kugler's appeal has been brought frivolously, unreasonably, and without foundation.

### III.

### CONCLUSION

Kugler has failed to show that the district court erred by holding it lacked jurisdiction to hear Kugler's claims on appeal. Furthermore, Kugler has failed to show the magistrate abused his discretion in awarding attorney fees to the respondents. Therefore, the district court's decision is affirmed. Costs and attorney fees on appeal are awarded to the respondents.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**