**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40454/40455**

| | | |
|---|---|---|
| **JAMES ALAN GERDON,** | ) | **2014 Unpublished Opinion No. 466** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: April 21, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgments dismissing actions for post-conviction relief, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James Alan Gerdon was convicted of nine sex offenses. Since his conviction, Gerdon has filed numerous challenges to his conviction including at least two petitions for post-conviction relief. The post-conviction cases at issue in this appeal were summarily dismissed, and Gerdon appealed those summary dismissals. Thereafter, both appeals were dismissed, one on timeliness grounds and the other at Gerdon's request. After his appeals were dismissed, Gerdon filed post-judgment motions in both post-conviction actions, seeking various forms of relief from the judgments. Those motions were denied by the district court. Gerdon appeals the denial of those motions.

## I.

## BACKGROUND

In the underlying criminal matter, Gerdon was convicted of nine sex offenses targeting children:

1

In 2004, Gerdon pled guilty to four counts of sexual abuse of a minor under the age of sixteen, I.C. § 18-1506(1); three counts of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18-1508; and two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen, I.C. §§ 18-1508, 18-306. The district court sentenced Gerdon to concurrent, determinate terms of fifteen years for four counts of sexual abuse of a minor under the age of sixteen; concurrent, unified terms of thirty years, with minimum periods of confinement of fifteen years, for three counts of lewd and lascivious conduct with a minor under the age of sixteen; and concurrent determinate terms of fifteen years for two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen.

*State v. Gerdon*, Docket No. 39396 (Ct. App. Aug. 10, 2012) (unpublished).

Gerdon has filed numerous post-conviction actions and appeals, most of which are not relevant to the issues at bar.[1] Instead, this decision addresses two consolidated appeals. The first appeal challenges a decision rendered in Twin Falls County Case No. 2004-5173, Gerdon's original post-conviction action ("the 2004 case"). The second appeal challenges a decision rendered in Twin Falls County Case No. CV-2008-1712, one of Gerdon's successive petitions ("the 2008 case"). We set forth the procedural histories of these two cases separately, although there is considerable temporal overlap.

A.      **Procedural History Relating to the 2004 Case**

The parties have not included the entire district court record in the 2004 case.[2] We infer from documents included in the record and from our opinions in previous appeals, that the 2004 case was Gerdon's original post-conviction action. The case was summarily dismissed by the district court on June 29, 2006. Over a year later, on September 10, 2007, Gerdon filed notice of

---

[1]      Indeed, this Court had issued written opinions in four prior, unpublished cases. *See State v. Gerdon*, Docket No. 30624 (Ct. App. May 19, 2005) (direct appeal of Gerdon's sentence); *State v. Gerdon*, Docket No. 39396 (Ct. App. Aug. 10, 2012) (appeal concerning Gerdon's pro se motion to overturn the verdict and withdraw his guilty plea); *Gerdon v. State*, Docket No. 39300 (Ct. App. Mar. 1, 2013) (appeal concerning the summary dismissal of one of Gerdon's successive post-conviction actions); *Gerdon v. State*, Docket No. 40420 (Ct. App. Feb. 4, 2014) (appeal concerning the summary dismissal of Gerdon's third successive post-conviction relief action). Gerdon's other appeals appear to have been dismissed voluntarily by Gerdon, on timeliness grounds, or as frivolous.

[2]      The incompleteness of the record is not important to the disposition of the case; we can resolve the claims on appeal despite the incompleteness in the record.

appeal. The Supreme Court responded by conditionally dismissing his appeal as untimely. In the conditional dismissal, the Court expressly indicated that Gerdon was permitted to respond to the order. Through counsel, Gerdon filed a response, indicating that he had mailed his notice of appeal on August 31, 2007. The Supreme Court dismissed the appeal on timeliness grounds.[3]

Over three months after the remittitur was filed, Gerdon filed a motion with the district court requesting that the court grant him a "re-ruling." He claimed that he had not been properly notified of the district court's ruling, and requested a re-ruling so that he could file a timely appeal. On April 20, 2009, the district court orally denied this motion, holding that there was evidence that Gerdon had received notice of the judgment dismissing the post-conviction action. The district court also noted that Gerdon was given the opportunity to explain to the Supreme Court, through counsel, why his appeal should not be dismissed. The district court held that Gerdon's failure to make use of that opportunity was not a basis to grant relief.

Over three years later, on October 9, 2012, Gerdon filed a "motion for relief from judgment or order." Although his briefing is not clear, it appears he raised four issues. First, Gerdon contended that he was entitled to relief under I.R.C.P. 60(a) because of a clerical error by the court in its summary dismissal decision in 2006. That error consisted of the court making a factual finding that all motions in the underlying criminal case had been ruled on, whereas the court later admitted, in another case, that a motion had not been ruled on. Second, Gerdon claimed that the district court, in its 2006 decision summarily dismissing Gerdon's post-conviction action, erroneously found that Gerdon had never complained about his attorney's performance. Gerdon argued that this too amounted to a clerical error which may be remedied under I.R.C.P. 60(a). Third, Gerdon claimed he was entitled to relief under I.R.C.P. 60(b). He argued that the rule authorizes relief where a new ruling reverses an older ruling upon which a judgment is based. He argued that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) bars summary dismissal of ineffective assistance of counsel claims without a hearing, effectively

---

[3]    Although the Supreme Court's order dismissing the appeal made clear that it was dismissed as untimely, it did not directly address the Gerdon's response. Nonetheless, the Court's reasoning can be easily inferred. Generally, an appeal must be filed within forty-two days of the entry of a judgment. I.A.R. 14(a). Because the judgment was entered on June 29, 2006, the period of forty-two days ended on August 10, 2006. Accordingly, whether Gerdon's notice of appeal should be considered to be filed on the day he mailed it, August 31, 2007, or the day it arrived, September 10, 2007, is immaterial. In either case, it was untimely.

reversing the decision of the district court. Fourth, he raised various claims regarding alleged interferences with his mail. For example, he asserted that the interference precluded effective attorney-client communication, rendering counsel ineffective. He also contended that the court should have issued a ruling regarding his mail but did not.

The district court denied Gerdon's motion in its entirety. As to the Rule 60(a) arguments, the court appears to have rejected the claim that those errors could be remedied under I.R.C.P. 60(a). As to the Rule 60(b) claim, the district court held that *Martinez* did not alter the legal basis for the district court's judgment. Finally, as to the mail issues, the district court held that Gerdon failed to provide any argument or explanation showing that he was entitled to relief.

## B. Procedural History Relating to the 2008 Case

In 2008, Gerdon filed a successive petition for post-conviction relief. He alleged ineffective assistance of counsel "at every stage of this proceeding." He broadly claimed that prior attorneys had been unwilling to represent him or to advocate for him in the manner he preferred. Gerdon's pleading is not a model of clarity, but he appears to claim that his counsel in the 2004 post-conviction case was ineffective for failing to inform him that the case had been summarily dismissed by the district court, causing him to file his appeal after the time limit had expired, which, in turn, caused the appeal to be dismissed. The district court summarily dismissed the successive post-conviction action on two grounds: Gerdon's factual claims were conclusory and thus were insufficient to support his legal claims, and Gerdon's ineffective assistance of post-conviction counsel claim did not state a cognizable basis for post-conviction relief.

In 2009, Gerdon filed his notice of appeal challenging the court's dismissal of this successive post-conviction action. Before any briefing was filed, however, Gerdon, through counsel, filed a motion to voluntarily dismiss his appeal. The Idaho Supreme Court granted the motion.

Over two years later, in 2012, Gerdon filed a motion seeking relief from the dismissal in the 2004 case. Notably, Gerdon filed this motion in the 2008 case. His motion stated that he was entitled to effective post-conviction counsel pursuant to a United States Supreme Court decision, *Martinez*, ___ U.S. ___, 132 S. Ct. 1309. He further claimed that he received ineffective assistance of counsel in the 2004 case and that the ineffective assistance of counsel in that case warranted relief in the 2008 case.

4

The district court denied his motion on a number of interrelated grounds. First, it held that *Martinez* does not stand for the proposition that Gerdon was entitled to effective assistance of counsel at the post-conviction stage. Second, the district court noted that Gerdon "fail[ed] to explain how the rule cited applied to his situation." The court held that Gerdon had not shown how the alleged ineffective assistance of counsel in the 2004 case was grounds for relief, under I.R.C.P. 60(b), in the 2008 case.

## II.

## ANALYSIS

On appeal, Gerdon raises numerous claims that fall within three general categories: I.R.C.P. 60(a) claims, I.R.C.P. 60(b) claims, and claims that are not properly before the Court.

**A.      Claims Concerning Idaho Rule of Civil Procedure 60(a)**

Idaho Rule of Civil Procedure 60(a) creates a procedure by which a party in a civil case may ask the district court to remedy a narrow class of errors. The rule states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court or the district court, as the case may be, and thereafter while the appeal is pending may be so corrected.

I.R.C.P. 60(a). Idaho decisional law has interpreted this provision narrowly. The rule "is strictly limited to the correction of clerical errors, as opposed to judicial or legal errors." *State v. Moore*, 152 Idaho 203, 205, 268 P.3d 471, 473 (Ct. App. 2011); *see also Silsby v. Kepner*, 140 Idaho 410, 412, 95 P.3d 28, 30 (2004). In differentiating the types of errors, we have concluded that "a clerical mistake is one of draftsmanship; whereas, a judicial error is a mistake of substance." *State v. Vaughn*, 156 Idaho 13, 16, 319 P.3d 497, 500 (Ct. App. 2014). Rule 60(a) applies to those errors in which the type of mistake or omission is mechanical in nature which is apparent in the record and which does not involve a legal decision or judgment by an attorney. *Silsby*, 140 Idaho at 411, 95 P.3d at 29. Put another way:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its

5

discretion in a manner different from the way it was exercised in the original determination.

*Silsby*, 140 Idaho at 412, 95 P.3d at 30 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

In his appeal from the denial of his motion for relief in his 2004 post-conviction action, Gerdon raises two claims of error regarding I.R.C.P. 60(a). First, he argues that "irregularities in his mail" amounted to a clerical error that should have been remedied pursuant to I.R.C.P. 60(a).[4] Below, Gerdon raised two arguments regarding his mail. The first is an argument that he requested a ruling from the court regarding his mail and the court failed to issue such a decision. The second is that the State failed to deliver legal mail between Gerdon and his attorney.

Neither of these alleged errors could be remedied through an I.R.C.P. 60(a) motion. The failure to issue a ruling does not amount to a clerical mistake. To the extent there was any error, it would have been "a mistake of substance" or "judicial error." Likewise, the State's failure to deliver mail or active interference with mail also would not be an error contained in "judgments, orders or other parts of the record" as required by I.R.C.P. 60(a). Accordingly, it was proper to deny Gerdon's request for relief under I.R.C.P. 60(a).

Gerdon also argues that in dismissing the 2004 case, the court erroneously found that it had not failed to rule on a motion in the underlying criminal case.[5] In his motion and affidavit below, he asserted that the trial court later admitted that it had overlooked and failed to rule on a motion in the underlying criminal case. Accordingly, Gerdon argued that the court made an incorrect factual finding in dismissing the 2004 case. Once again, we conclude that the alleged

---

[4]   On appeal, Gerdon also argues that the same failure entitled him to equitable tolling and amounted to a denial of his due process right to access the courts. While Gerdon briefly mentioned the inadequacy of the law library available to him when he filed his original post-conviction action, he did not raise that in his Rule 60 motions. Accordingly, these claims are raised for the first time on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, we do not consider these claims of error.

[5]   Below, Gerdon claimed that this error amounted to a clerical error under I.R.C.P. 60(a), but did not posit any connection between the error cited and I.R.C.P. 60(b). Accordingly, the I.R.C.P. 60(b) claim has been raised for the first time on appeal. Generally, as stated above, issues not raised below may not be considered for the first time on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126. Accordingly, we do not consider this claim of error.

error could not be remedied through I.R.C.P. 60(a). To the extent there was any error, it was not a drafting error or mechanical error but a substantive error in the court's findings. As explained above, such errors cannot be remedied through I.R.C.P. 60(a). Therefore, the district court did not err when it denied Gerdon's motion for relief under I.R.C.P. 60(a).

**B.    Claims Concerning Idaho Rule of Civil Procedure 60(b)**

In his successive 2008 post-conviction action, Gerdon appeals the denial of his I.R.C.P. 60(b) motion. As best we can make out from his briefing through counsel, Gerdon reasons as follows: First, he received ineffective assistance of counsel in his original post-conviction action due to irregularities in delivery of his mail. Second, under Idaho law, ineffective assistance of post-conviction counsel may be a sufficient reason to permit a successive post-conviction action.[6] Third, due to the mail irregularities, his claims were not adequately presented in his 2004 case. Therefore the court's judgment summarily dismissing Gerdon's 2008 case was erroneous. Fourth, I.R.C.P. 60(b) permits the court to remedy its mistakes. Fifth, because the dismissal was a mistake, the court should have fixed that error when Gerdon requested that it do so in a Rule 60(b) motion.

Idaho Rule of Civil Procedure 60(b) gives the district court authority to grant relief from a judgment in limited circumstances.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[6]    In a very recent decision, *Murphy v. State*, ___ Idaho ___, ___ P.3d ___ (Feb. 25, 2014), the Idaho Supreme Court overruled prior cases holding that deficient presentation of claims by post-conviction counsel in the initial post-conviction action could constitute sufficient reason to reassert the same claims in a successive action. That decision has not become final, however, as a petition for rehearing is pending. For purposes of this appeal, the ultimate outcome in *Murphy* is immaterial, for Gerdon is not entitled to relief for the reasons stated herein.

I.R.C.P. 60(b). A trial court enjoys broad discretion when deciding whether to grant relief pursuant to I.R.C.P. 60(b).

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010) (quoting *Waller v. State, Dep't of Health & Welfare*, 146 Idaho 234, 237-38, 192 P.3d 1058, 1061-62 (2008)).

To the extent Gerdon's claim on appeal is comprehensible, we conclude that it is fundamentally different from the claim raised below. Below, Gerdon appears to have argued on his Rule 60(b) motion that *Martinez* effectively reversed the decision of the district court in the 2008 post-conviction action. Gerdon was essentially asserting that the judgment of dismissal should be reversed under I.R.C.P. 60(b)(5) because the judgment had been constructively reversed or vacated by the United States Supreme Court's *Martinez* decision.

Gerdon does not carry this argument forward on appeal. Instead, he argues that the court improperly denied his Rule 60(b) motion as it pertains to his mail tampering allegations. On appeal, counsel cites the statement "the state is tampering with my legal mail" presumably as an assertion that the issue was raised below. However, that statement appears in Gerdon's motion and affidavit in support of appointment of counsel on appeal. That document was filed *after* the district court addressed the motion and is obviously not a basis for relief stated in the motion. We will not consider claims raised for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, we will not further address his mail tampering argument on appeal with respect to the 2008 case.[7]

---

[7] Although the argument based upon *Martinez* is not carried forward in Gerdon's briefing on appeal, for Gerdon's benefit we note that his argument below misconstrues the import of the *Martinez* decision. There is Idaho precedent holding that "ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-

8

Gerdon's motion for relief from the judgment in the 2004 case referred to the mail tampering allegation and the district court's failure to rule on a motion in the criminal case. It is not clear whether Gerdon was seeking I.R.C.P. 60(a) or 60(b) relief. To the extent Gerdon was seeking Rule 60(a) relief, that issue has been addressed above. As to Rule 60(b), Gerdon did not make any attempt to explain how his factual assertions entitled him to relief under that rule. On appeal, counsel similarly fails to make such a connection. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). By failing to cite authority or provide argument linking the rule through which he seeks relief to his factual averments, Gerdon has waived this issue on appeal.

Even if we were to address what we surmise might be Gerdon's argument, no relief would be available. As stated above, on appeal Gerdon argues that he asserted the mail issue in his Rule 60(b) motion in the 2008 case. As stated above, he did not. However, in that portion of the briefing, Gerdon did make a passing reference the subsections of Rule 60(b) that he believed were applicable: mistake, neglect, fraud, and voidness. Accordingly, we can infer that those might be the grounds upon which Gerdon believed he was entitled to relief. Claims asserting mistake, excusable neglect, or fraud must be filed "not more than six (6) months after the judgment . . . was entered." I.R.C.P. 60(b). But Gerdon's 2004 case had been inactive for three years when he filed his Rule 60(b) motion. Accordingly, it was not error to deny a Rule 60(b) motion asserting those grounds as the motion was untimely. An I.R.C.P. 60(b) motion challenging a void judgment is not subject to the same time bar, but Gerdon provides no cogent

conviction application." *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *see also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981). However, because "there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings . . . such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief." *Schwartz*, 145 Idaho at 189 n.3, 177 P.3d at 403 n.3; *see also Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Nothing in *Martinez* overrules these Idaho precedents regarding ineffective assistance of post-conviction counsel. Indeed, the United States Supreme Court explicitly held that it was not deciding "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at ___, 132 S. Ct. at 1315. Rather, that case dealt with the narrower procedural issue of when a State may invoke the "doctrine barring procedurally defaulted claims" on federal habeas corpus review. *Id*. at ___, 132 S. Ct. at 1316. As this is not a federal habeas corpus proceeding, the holding in *Martinez* is inapposite here.

argument, anywhere in the record, showing that the judgment in either case was void. Accordingly, even if we were to reach the merits of Gerdon's Rule 60(b) mail tampering assertion, it would be found to be without merit.

**C.     Gerdon Asserts Additional Claims of Error that have been Improperly Raised**

Gerdon also appears to assert additional claims of error for the first time in his reply brief. We will not consider those claims. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

**III.**

**CONCLUSION**

For the foregoing reasons, we affirm the orders denying Gerdon relief from the judgments in Gerdon's 2004 post-conviction action and 2008 post-conviction action.

This Court possesses discretion to award costs on appeal to the prevailing party. Idaho Appellate Rule 40. Because we conclude that Gerdon's arguments on appeal, to the extent that they could be discerned at all, were entirely without merit, costs on appeal are awarded to respondent State of Idaho.

Judge GRATTON and Judge MELANSON **CONCUR.**