IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40604/41164

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 596 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER HARRISON, aka CLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Orders denying I.C.R. 35 and 36 motions, affirmed.

Christopher Harrison, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Christopher Harrison was convicted of attempted robbery in 2000. Over a decade later, he filed various motions challenging that conviction, primarily on the basis that the court permitted Harrison's counsel, rather than Harrison himself, to respond to a question asked by the court prior to sentencing. The court denied both motions and Harrison appealed.

## I.

## BACKGROUND

We summarized the facts of the underlying criminal case in a prior appeal:

In October of 1999, two Boise area fast-food restaurants were robbed by an armed man. The next month, a woman, Connie Barger, was threatened with a handgun in a parking lot. Her assailant pointed the gun at her and demanded that she surrender her purse. She began to scream for help and swung her grocery bag at the criminal. A bystander, David Wall, responded to her screams, and the would-be robber retreated into a dead-end alleyway. Barger called the police while Wall watched for the assailant to emerge from the alley; he did not. When the police arrived, they found the alley empty, but discovered a way that someone

1

could have climbed to the roof. Christopher Harrison was found hiding on the roof; his handgun was found hidden in a nearby drain.

*State v. Harrison*, 136 Idaho 504, 505, 37 P.3d 1, 2 (Ct. App. 2001).

Harrison was charged with one count of robbery, Idaho Code § 18-6501; two counts of attempted robbery, I.C. §§ 18-6501, 18-306; and three counts of using a firearm during the commission of a felony, I.C. § 19-2520. The case proceeded to jury trial and the jury returned a verdict of guilty as to one count of attempted robbery and a single firearm count, and not guilty to the other charges. On May 31, 2000, the district court entered its judgment of conviction imposing a unified sentence of thirty years in prison with fifteen years fixed. Harrison appealed and this Court affirmed the judgment of conviction and sentence.

In 2012, over a decade after this Court issued a remittitur in the direct appeal, Harrison filed a motion pursuant to Idaho Criminal Rule 35(a). In that motion, Harrison argued that his sentence was illegal on six grounds: (1) he was charged with *using* a firearm, but the trial evidence showed only that he *displayed* a firearm; (2) the charging document alleged an attempt to take property "by means of force or fear" without specifying the types of fear required in I.C. § 18-6502; (3) the information lacked specificity and was, therefore, insufficient; (4) because the State failed to prove the firearm offense occurred as charged, the district court was divested of jurisdiction to impose a sentence; (5) the court erred when it asked whether there was any legal cause why judgment should not be pronounced and accepted Harrison's lawyer's answer without asking Harrison personally; and (6) the judgment of conviction erroneously states that Harrison was personally asked if judgment could be pronounced when, in fact, counsel was asked.

The district court denied the motion, concluding that these claims were not properly brought through a Rule 35(a) motion because they did not allege an illegal sentence. The district court also held, that to the extent it would consider the motion as a petition for post-conviction relief, it was untimely. Harrison appeals from the denial of his motion.

In 2013, after his Rule 35 motion had been denied, Harrison filed a second motion, which alleged a clerical error pursuant to I.C.R. 36 and requested relief from a judgment pursuant to Idaho Rules of Civil Procedure 60(a) and (b). He argued that the judgment of conviction contained an erroneous statement of fact because it states that the court asked Harrison if there was any legal cause for which judgment should not be entered, whereas the transcript of the sentencing hearing shows that Harrison's counsel was asked that question and answered it. The district court

2

also denied this motion, holding that there was no error because the court was permitted to treat a response from counsel as a response from a client.

In his opening brief on appeal, Harrison reiterates some of the claims raised below, but does not assert any particular error by the district court. Harrison argues that the trial evidence was insufficient to show that he caused the victim to fear for her safety or that he used a gun in the course of his robbery. He argues that he would have raised this issue prior to sentencing if the court had asked him, rather than counsel, whether there was any legal reason why judgment could not be entered. He asserts both judicial error in asking the question of counsel and accepting counsel's answer. He also asserts ineffective assistance of counsel by both trial and appellate counsel for failing to inform him of the error. Thereafter, he explains various reasons why he filed his motions pursuant to Rules 35 and 36.[1]

In his reply brief, Harrison makes clear that he has "no intentions of arguing that the court committed error in the denial of relief under [I.C.R. 35 and 36.]" Instead, he argues that it is unfair for the State to simultaneously argue that he failed to support his legal arguments with authority while denying him access to legal materials in the jail. He then argues, at length, that he has been denied access to the courts.

## II.

## ANALYSIS

To the extent Harrison intends to raise any claim of error in the district court's determination that his claims could not be presented through motions under I.C.R. 35(a), or I.C.R. 36, we conclude that both motions were properly denied. Idaho Criminal Rule 35(a) authorizes motions to correct an illegal sentence at any time. As is relevant here, Rule 35(a) permits a defendant to challenge "a sentence that is illegal from the face of the record." A sentence is "illegal" within the meaning of Rule 35 only if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010); *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). Neither a challenge to the validity of a conviction nor a claim that a sentence was imposed in an illegal

---

[1]     None of these appears to assert a claim of error by the district court. For example, Harrison explains that he filed his motions pursuant to I.C.R. 35(a) and 36 because those rules do not have time limits. He also explains that local attorneys were unwilling to represent him unless paid or appointed by the court.

manner may be brought under Rule 35(a) as they do not constitute claims that the sentence itself is illegal. *State v. Clements*, 148 Idaho 82, 86-87, 218 P.3d 1143, 1147-48 (2009); *Peterson*, 148 Idaho at 613, 226 P.3d at 555. Harrison does not argue that the sentence itself is not authorized by law. Accordingly, he cannot prevail in a motion alleging an illegal sentence.[2]

As to Harrison's motion made pursuant to I.C.R. 36, the error he asserts cannot be remedied under that rule. Idaho Criminal Rule 36 states that "*Clerical mistakes* in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time." (Emphasis added.) "Relief under I.C.R. 36 and its civil counterpart, Idaho Rule of Civil Procedure 60(a), is strictly limited to the correction of clerical errors, as opposed to judicial or legal errors." *State v. Vaughn*, 156 Idaho 13, 16, 319 P.3d 497, 500 (Ct. App. 2014) (quoting *State v. Moore*, 152 Idaho 203, 205, 268 P.3d 471, 473 (Ct. App. 2011)). In *Silsby v. Kepner*, 140 Idaho 410, 412, 95 P.3d 28, 30 (2004), the Idaho Supreme Court adopted the clerical and judicial error analysis used by the United States Court of Appeals for the Ninth Circuit:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Silsby*, 140 Idaho at 412, 95 P.3d at 30 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)). As stated in *Silsby*, "blunders in execution" may be remedied as clerical mistakes, but substantive factual or legal mistakes are not clerical errors; they are judicial errors.

---

[2]    In his original motion, Harrison claimed that the trial court lacked jurisdiction to impose a sentence for the firearm enhancement because the State failed to prove the elements of the enhancement at trial. To the extent he wishes to challenge subject matter jurisdiction, his claim is timely but meritless. The Idaho Supreme Court held that a Rule 35 motion asserting a lack of subject matter jurisdiction is not rendered untimely by the operation of the time limitations in I.C.R. 35(b). *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). However, mere judicial error does not divest the court of subject matter jurisdiction. *State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013) (distinguishing judicial error from a lack of subject matter jurisdiction). "An error is jurisdictional only if it deprives the tribunal of personal jurisdiction over the parties or of subject matter jurisdiction over the proceeding." *Knight v. Dep't of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct. App. 1993). The error here, if any, was not jurisdictional.

In the present case, it is not clear that the statement in the judgment was in fact an "error," but if it was an error, it appears to have been a legal error, not a clerical error. Idaho Code § 19-2510 provides that when a defendant appears for judgment he "must be asked whether he has any legal cause to show why judgment should not be pronounced against him." It is apparently Harrison's position that the district court failed to comply with the statute because it posed the question to Harrison's attorney rather than to Harrison himself. According to the transcript of Harrison's sentencing hearing, when the court asked the required question, it was the defense attorney who responded. The judgment of conviction recites that the defendant was asked whether there existed any legal cause why judgment should not be rendered. The language in the judgment thus equated a general inquiry to which the defense attorney responded as an inquiry directed to the defendant himself. It is not at all apparent that this is error, for no reported Idaho appellate court decision holds that the question mandated by I.C. § 19-2510 must be answered by the defendant personally. A defense attorney constitutes the defendant's legal representative and therefore ordinarily speaks for and on behalf of the defendant in judicial proceedings, particularly on matters involving a legal conclusion.

Even if the sentencing court was incorrect in its belief that a response from the defense attorney constituted a response by and for the defendant and satisfied the statutory requirement, that mistake was a legal one, not a clerical error. Thus, to the extent the court erred, the error cannot be remedied pursuant to I.C.R. 36. Accordingly, the district court did not err by denying Harrison's second motion.[3]

### III.

### CONCLUSION

Harrison failed to show any error in the denial of his Rule 35 and Rule 36 motions. The Rule 35 motion was properly denied because Harrison failed to show that his sentence was illegal. The Rule 36 motion was properly denied because there was no clerical error to correct. Therefore, the orders of the court denying the motions are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[3] Because Harrison's other arguments are not proper claims of error, we do not address them.